UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-20899-CIV-HIGHSMITH
MAGISTRATE JUDGE TURNOFF



RENE RIVERO and VANESSA RIVERO,
as parents, next friends, and natural
guardians of Victor Rivero, a minor,

    Plaintiffs,
v.

TERRA COTTA PLACE APARTMENTS,
INC., a Florida corporation, and FEIT
MANAGEMENT COMPANY, a Florida
corporation, ADMIRAL INSURANCE
CORPORATION, TWIN CITY FIRE
INSURANCE COMPANY, NATIONAL
SURETY CORPORATION, and
RELIANCE NATIONAL INSURANCE
COMPANY,

    Defendants.
_____/

**PLAINTIFFS' MOTION FOR DETERMINATION OF SUBJECT MATTER JURISDICTION
PRIOR TO CONSIDERATION OF OTHER MOTIONS
AND
SUPPORTING MEMORANDUM OF LAW**

Plaintiffs hereby respectfully file this motion for a determination of subject matter jurisdiction prior to this Court's consideration of other motions filed or to be filed by Defendants. The grounds for this motion are set forth below, accompanied by a memorandum citing the applicable law.

**A.   Pertinent facts and proceedings**

    1. This cause was initiated by Plaintiffs in state court in the Eleventh Judicial Circuit

Court in and for Miami-Dade County, Florida.

2. As can be seen from Plaintiffs' Complaint from the state court action, no federal causes of action are asserted.

3. As can also be seen from Plaintiffs' Complaint from the state court action, Plaintiffs are citizens of Florida as are some of the Defendants such that diversity does not exist.

4. Certain Defendants nonetheless removed the case to this Court suggesting that this Court should: (a) rearrange the parties to create diversity, and then (b) exercise diversity jurisdiction over the case.

5. Plaintiffs have filed a motion for remand, which is adopted herein and incorporated by reference.

6. As set out in Plaintiffs' motion for remand, there is no legal basis for the removing Defendants suggested 'rearrangement' or 'realignment' of the parties to create diversity, and this Court accordingly lacks subject matter jurisdiction over this cause.

7. The various Defendants are now filing various motions - including Defendant Admiral Insurance Corporation's Motion to Dismiss for failure to state a claim and Defendant Reliance National Insurance Company's Motion for Stay - which call for this Court to *exercise* jurisdiction in determining the motions.

8. As set forth in the memorandum below, however, the U.S. Supreme Court has made it clear that the Court's first order of business must be to determine whether it has subject matter jurisdiction over this cause. If it does not, then all actions taken in ruling on other matters are void, a nullity, and a waste of the Court's judicial resources.

9. Plaintiffs accordingly here move for a determination of subject matter jurisdiction, i.e.,

a ruling on Plaintiffs' motion for remand, prior to the Court's consideration of any other motions or matters brought before the Court by the Defendants. Plaintiffs thus also seek a ruling that the Plaintiffs' motion for remand will be determined first, and that all other briefing and motion practice are stayed pending disposition fo the motion for remand. Otherwise the Court may waste judicial resources considering matters over which it has no subject matter jurisdiction, and which the state court will have to address anyway. And, the parties will devote unnecessary time and expense briefing matters in federal court format that will only have to be re-presented in state court format on remand, if the Court agrees that remand is appropriate.

**B.   Memorandum of law**

The Supreme Court of the United States has made it clear that federal courts must first determine whether they have subject matter jurisdiction over a cause before proceeding with other rulings. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed.2d 210 (1998). In so doing, the Court expressly disapproved a practice that had grown up in the federal courts of exercising 'hypothetical jurisdiction' over cases to reach rulings on the merits where it appeared that a 'merits' ruling was easily determined and would dispose of the case:

> We decline to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers. This conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases. **"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."** *Ex parte McCardle*, 7 Wall.

> 506, 514, 19 L.Ed. 264 (1868). "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." [cite omitted]. **The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception."** *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S. Ct. 510, 511, 28 L. Ed. 462 (1884).

523 U.S. at 94-95, 118 S. Ct. at 1012-13.

The Eleventh Circuit, of course, has followed the law set by the Supreme Court, and has stated the governing principle thusly: "[A] challenge to Article III subject matter jurisdiction must be resolved before a court may address the merits of the underlying claim in any manner." *Seaborn v. State of Fla., Dept. of Corrections*, 143 F.3d 1405, 1407 (11th Cir. 1998), *citing Steel*, 523 U.S. at 94, 118 S. Ct. at 1012-16. Or, as this Court has put it: "[A] court's subject matter jurisdiction ... must ... be resolved before addressing the merits of the underlying claims." *Association for Disabled Americans, Inc. v. Florida International University*, 178 F. Supp.2d 1291, 1292 (S.D. Fla. 2001). *See also, e.g.*, the comments from Wright & Miller in their treatise on federal practice and procedure:

> A federal court must decide that it has subject matter jurisdiction to hear a case before ruling on the merits of that case. Otherwise, the court would "contravene the well-established principle that the federal courts may not issue advisory opinions."

Wright & Miller 13 Fed. Prac. & Proc. Juris. 2d § 3522, *quoting U.S. v. Texas Tech Univ.*, C.A.5th, 1999, 171 F.3d 279, 286, *cert. denied* 530 U.S.1202 (1999). And *see Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994, 1000 (5th Cir. 2000) noting that

4

motions to dismiss may not be ruled upon pending a determination of jurisdiction, because if jurisdiction is lacking the order addressing dismissal issues going to the merits will be void.

The principle of law invoked by Plaintiffs here is simple and well established. The question of subject matter jurisdiction must be determined first, and other motions should not be addressed by the Court until that threshold issue has been resolved.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully pray that this motion be granted, and that this Court issue an order providing that Plaintiffs' motion for remand will be determined before the Court otherwise proceeds, and providing also that the parties need not brief other motions pending the outcome of the motion for remand and/or further order of this Court.

Respectfully submitted,

DON RUSSO, P.A.
7990 Red Road
Miami, Florida 33143
Telephone: (305) 665-7171
Facsimile: (305) 665-7142
drusso@russopa.com
          -and-
RUSSO APPELLATE FIRM
6101 Southwest 76th Street
Miami, Florida 33143
Telephone: (305) 666-4260
Facsimile: (305) 666-4470
ekr@russoappeals.com

Counsel for Plaintiffs

By: _____
ELIZABETH K. RUSSO
Florida Bar No. 260657

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Motion for Determination of Subject Matter Jurisdiction Prior to Consideration of Other Motions and Supporting Memorandum of Law was sent by facsimile and by U.S. Mail this 27th day of May, 2003 to: Layton Mank, Esquire, Wilson, Elser, Moskowitz, Edelman & Kicker, LLP, Counsel for Admiral Insurance Company, 3800 NationsBank Tower, 100 Southeast Second Street, Miami, Florida 33131; Bradley S. Fischer, Esquire, Melito & Adolfsen, Counsel for Twin City Fire Insurance Company, The 900 Building, Suite 203, 900 Southeast Third Avenue, Fort Lauderdale, Florida 33316; Darrel M. Seife, Esquire, Caron, Constants & Wilson, Counsel for National Surety Corporation, 201 Route 17 North, 2nd Floor, Rutherford, New Jersey 07070; and William G. Edwards, Esquire, Marlow, Connell, Valerius, et al., Counsel for Reliance National Insurance Company, 2950 S. W. 27th Avenue, Miami, Florida 33133.

_____

## SERVICE LIST FOR FAXBACK PROGRAM

**Counsel for Defendant TWIN CITY**
BRADLEY FISCHER, ESQUIRE
Melito & Adolfsen
900 S.E. Third Avenue
Suite 203
Ft. Lauderdale, Florida  33316
Phone: (954) 728-1280
Fax: (954) 728-1282

**Counsel for Plaintiffs RIVERO**
ELIZABETH K. RUSSO, ESQUIRE
Russo Appellate Firm
6101 S.W. 76th Street
Miami, Florida  33143
Phone: (305) 666-4660
Fax: (305) 666-4470

- and -

DON RUSSO, ESQUIRE
Don Russo, P.A.
7990 Red Road
Miami, Florida  33143
Phone: (305) 665-7171
Fax: (305) 665-7146

**Counsel for Defendant ADMIRAL**
R. LAYTON MANK, ESQUIRE
Wilson, Elser, Moskowitz, Edelman
& Dicker LLP
3800 NationsBank Tower
100 Southeast Second Street
Miami, Florida  33131
Phone: (305) 374-4400
Fax:  (305) 579-0261

**Counsel for Defendant RELIANCE and Co-Counsel for Defendant NATIONAL SURETY**
WILLIAM G. EDWARDS, ESQUIRE
Marlow, Connell, Valerius, et al.
2950 S.W. 27th Avenue
Miami, Florida  33133
Phone: (305) 446-6540
Fax:  (305) 443-2505

**Counsel for Defendant NATIONAL SURETY**
DARRELL M. SEIFE, ESQUIRE
Caron, Constants & Wilson
201 Route 17 North, 2nd Floor
Rutherford, New Jersey  07070
Phone: (201) 507-3709 Main: (3695)
Fax: (201) 507-3675